THE PEOPLES SAVINGS BANK & TRUST CO. *v.* JOS. JOSEPH BROTHERS CO.

*Sales—Title and possession pass, when—Delivery to carrier is delivery to buyer, when—Contract for specific goods—Purchase price advanced and deliveries in installments—Rights of assignee of bill of lading.*

A vendor by written contract agreed to sell certain specific goods to defendant for a stipulated price, which was advanced to the vendor by defendant. Shipments of the goods were made at various times, and, as received, were credited to defendant's account against the purchase money advanced. The last shipment was consigned to defendant on non-negotiable bills of lading, the vendor notifying him that this shipment "will straighten up our account." Four days later the vendor drew a draft on defendant in favor of plaintiff, to which draft were attached the bills of lading for the shipment. In an action by the plaintiff, assignee of the bills of lading, against the defendant for conversion of the goods, *Held:* The delivery of the goods to the common carrier for conveyance to defendant was a delivery to defendant, and the vendor at that time parted with all right or control over the

property and could confer no rights on plaintiff by an as-
signment of the bills of lading to it.

(Decided November 28, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hunt, Bennett & Utter,* for plaintiff in
error.
*Messrs. Maxwell & Ramsey* and *Mr. Jos. S. Gray-
don,* for defendant in error.

HAMILTON, P. J.   The defendant in error, Jos.
Joseph Bros. Company, dealers in scrap iron and
brass, etc., in Cincinnati, Ohio, on August 27, 1918,
entered into a written contract with one Joseph
Schetzer, doing business as the Memphis Iron &
Metal Company, Memphis, Tennessee, for the pur-
chase of certain scrap material, specifically described
in the contract, and advanced to Schetzer the agreed
purchase price for the material purchased.

The shipping of the material was spread over a
considerable length of time, the Jos. Joseph Bros.
Company urging speed in the deliveries to the rail-
roads for shipment.   As shipments were received by
the Jos. Joseph Bros. Company, Schetzer received
credit on his account for the purchase money ad-
vanced.

The last four cars loaded were consigned to the
defendant in error on a straight (non-negotiable)
bill of lading.   They were billed out, three on No-
vember 12, 1918, and one on November 16, 1918.
Schetzer retained the bills of lading in his posses-
sion.   The four cars arrived at their destination,
and, upon identification of the consignee, the Jos.
Joseph Bros. Company, the cars were placed by the

OHIO APPELLATE REPORTS.                47

App.]    Peoples Sav. Bk. & Tr. Co. v. Jos. Bros. Co.

carrier, and the Jos. Joseph Bros. Company unloaded the cars and took possession of the material.

On November 19 Schetzer, as the Memphis Iron & Metal Company, drew a draft for $6,000 on the defendant in favor of the plaintiff, to which draft were attached the four straight bills of lading for the material contained in the four cars referred to. The draft was presented to defendant for payment November 22, 1918, payment refused, and the draft protested on that date.

Plaintiff thereupon filed this action claiming the ownership in the four cars of material referred to, by virtue of the assignment of the bills of lading, and the unlawful conversion of the material by the defendant in error, and claimed damages in the sum of $6,000.

The case was tried to the court without the intervention of a jury. The trial court found the ownership of the property in the Jos. Joseph Bros. Company, and entered judgment in its favor. From that judgment, plaintiff prosecutes error to this court.

The defendant in error claims ownership in the property by virtue of the contract entered into on August 27, 1918, claiming a purchase of specific property and the payment therefor, and claiming that the delivery of the property to the carrier was a delivery to the Jos. Joseph Bros. Company; while the plaintiff in error contends that there was no delivery at the time the contract was entered into, to-wit, August 27, 1918; that title did not pass and there was no intention on the part of the consignor to deliver possession when the property was delivered to the carrier; and that he retained in himself the *jus disponendi,* which is conclusively shown by

the fact that he retained the bills of lading and made the draft with bill of lading attached, and received credit on his account therefor.

The contract was for the purchase of specific goods. The money in payment was advanced. The rule is that possession of personal property must be delivered either actually or symbolically before the title passes, and, as between the parties to the sale of specific goods, especially where the price has been paid, the presumption arises that title has passed without delivery of the goods. Such presumption does not ordinarily arise as against creditors, or innocent purchasers from the vendor, but as to such third parties, there must be not only the formal delivery to the vendee claiming the goods, but an actual and visible change of possession. (*Piano Co.* v. *Piano Co.,* 85 Ohio St., 196.) There can be no question that under the terms of the contract, as between Schetzer and the defendant company, the title passed at the time of the execution of the contract, or when the material was put in a deliverable state, which was when ready to load on cars. Rule 2, Section 8399, General Code.

Since there was no actual or visible change of possession of the property at the time of the execution of the contract, as against the plaintiff, the ownership therein did not pass to the defendant company. However, the consignment having been made by the vendor to vendee, the question whether the consignor reserved the *jus disponendi* is one of intention to be gathered from all the facts and circumstances of the transaction. *Emery's Sons* v. *Bank,* 25 Ohio St., 360.

If the right to control the property be reserved by the shipper, the carrier must be regarded as his

agent; if not, then as the agent of the consignee. On such question of intention the terms of the bill of lading are to be taken as admissions of the consignor, and are entitled to great weight, but are not conclusive. *Emery's Sons* v. *Bank, supra.*

Under the terms of the contract, Schetzer was obliged to deliver the property in question. On November 19 the Memphis Iron and Metal Company wrote the defendant in the following language:

> "*November 19th, 1918.*
>
> "THE JOS. JOSEPH BROS. COMPANY,
>     "*Cincinnati, Ohio.*
> "GENTLEMEN:
>
> "It may seem strange to you not having heard from me for some time. However, wish to advise that I will be in Cincinnati Thursday, and I will bring all bills of lading and invoices with me, on all goods shipped to date, which, I believe, will straighten up our account."

This letter was written some days after the shipments were made, indicating clearly that at the time of the writing of the letter, at least, Schetzer intended that the invoices for the goods shipped should be credited on his account. There were other communications indicating the intention of Schetzer to deliver under the contract.

Taking into consideration the obligation to deliver under the contract, the fact that the property was shipped and consigned to the defendant, the Jos. Joseph Bros. Company, his statement in his letter that these shipments would balance his account with the Joseph Bros. Company, and the further fact that he did not make the draft and attach the bills of

lading for some days after the delivery to the carrier, it becomes apparent that at the time of the delivery to the carrier he intended to make delivery to the consignee.

The circumstances surrounding this transaction lead to the conclusion that the use by Schetzer of the draft through the Memphis Bank was an afterthought, and that prior thereto the delivery to Jos. Joseph Bros. Company had been completed, the delivery of the goods to the common carrier for conveyance to the consignee being equivalent to a delivery to the consignee.

Schetzer had at that time parted with all right or control over the property in question, and could, therefore, confer no right in the plaintiff by transfer of the bills of lading. This conclusion is strongly supported by the case of *Straus & Brother* v. *Wessel & Co.*, 30 Ohio St., 211.

Counsel for plaintiff bank cite the case of *People's Savings Bank & Trust Co.* v. *Klempner Brothers*, 191 Ky., 605, decided April 29, 1921, in which the same party, Schetzer, who was indebted to Klempner Brothers, shipped two cars of junk, made draft through the same bank, and received credit therefor, whereupon the bank brought a similar action to the one at bar to recover from the Klempner Brothers. That case differs from this in that there was no contract for specific property, and on the day of shipment Schetzer made the draft. The draft was presented to Klempner Brothers, who refused payment of the draft only for the reason, as they stated, that the amount was incorrect, or the weights were incorrect.

Other cases cited by counsel for the bank go to the question of the intention of the parties at the time

of the delivery to the carrier for shipment, but the facts in those cases are different from the facts in this case. There is no separate finding of facts by the trial court in the case under review, but a careful examination of the whole record leads to the conclusion that the trial court was justified in finding on the evidence that Schetzer did not retain the *jus disponendi* of the property, and in finding the ownership in the defendant.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.